Case

1   Thomas C. Hurrell, State Bar No. 119876
    E-Mail: thurrell@hurrellcantrall.com
2   Lorraine A. Middleton, State Bar No. 145267
    E-Mail: lmiddleton@hurrellcantrall.com
3   HURRELL CANTRALL LLP
    700 South Flower Street, Suite 900
4   Los Angeles, California 90017-4121
    Telephone: (213) 426-2000
5   Facsimile: (213) 426-2020

6   Attorneys for Defendants COUNTY OF LOS ANGELES, LOS ANGELES
    COUNTY SHERIFF'S DEPARTMENT, CHRIS HENNING, DARREN HARRIS
7   and JACQUES A. LA BERGE (erroneously sued and served as ANTHONY
    LeBERGE)

8
                    UNITED STATES DISTRICT COURT
9
        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10

11  SIMON ARAGON, an individual,          CASE NO. CV11-09247 R (SHx)
    SCOTT BERTON, an individual, TAE      (Assigned to Judge Manuel L. Real
12  SIL CHENG, an individual, LORI        Courtroom "8")
    COLE, an individual; SUSAN DYER,
13  an individual, JIM ERHART, an         DEFENDANTS' SEPARATE
    individual, MAT GELARDO, an           STATEMENT OF UNDISPUTED
14  individual, BRANDON LUGO, an          MATERIAL FACTS AND
    individual, J.R. LUGO, an individual, CONCLUSIONS OF LAW IN
15  JAMES PRENTICE, an individual,        SUPPORT OF MOTION FOR
    RHONDA PRENTICE, an individual,       SUMMARY JUDGMENT OR, IN
16  TONY PRENTICE, an individual,         THE ALTERNATIVE, SUMMARY
    JUDY WELDY, an individual,            ADJUDICATION OF ISSUES

17              Plaintiffs,

18          v.

19  COUNTY OF LOS ANGELES, a              Date:  October 1, 2012
    municipal corporation, LOS ANGELES    Time:  10:00 a.m.
20  COUNTY SHERIFF'S                      Dept.: "8"
    DEPARTMENT, CHRIS HENNING,
21  an individual, ANTHONY LeBERGE,
    an individual, DARREN HARRIS, an      [Filed Concurrently With:  Defendants'
22  individual; WOLF'S BOUQUET            Motion for Summary Judgment or, in
    UNION & TOWING, INC., a               the Alternative. Summary Adjudication
23  California corporation dba WOLF'S     of Issues; Declarations of Rebecca H.
    TOWING AND AUTO REPAIR; MID           Snader with exhibits, Chris Henning
24  VALLEY TOWING, INC. and DOES          with exhibits, Darren Harris, Jacques La
    1-10,                                 Berge and Deputy Dave Chellis with
25                                        exhibits; [Proposed] Order, and
                Defendants.               [Proposed] Judgment]
26

27                                        Trial Date:   October 23, 2012

28  ///

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1  Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY

2  SHERIFF'S DEPARTMENT, CHRIS HENNING, DARREN HARRIS and

3  JACQUES A. LA BERGE (erroneously sued and served as ANTHONY LeBERGE)

4  (hereinafter "defendants") hereby submit the following Statement of Undisputed

5  Facts and Conclusions of Law in support of their Motion for Summary Judgment or,

6  in the alternative, Summary Adjudication of Issues.

7  <u>**UNCONTROVERTED FACTS**</u>

| UNCONTROVERTED FACT: | SUPPORTING EVIDENCE: |
|---|---|
| 1.  This litigation concerns an action which occurred on January 11, 2010, on an approximately 20-acre parcel of undeveloped land in Castaic, California. | 1.  Complaint, ¶ 27, pg. 7:14-20, attached as Exhibit "A" to Declaration of Rebecca H. Snader; Incident Report reviewed by Deputy Dave Chellis, pg. 1, attached as Exhibit "K" to Declaration of Dave Chellis. |
| 2.  The owner of a Bobcat Skid-Steer Loader reported it to defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("LASD") as being stolen. | 2.  Complaint, ¶ 33, pg. 10:6-7, attached as Exhibit "A" to Declaration of Rebecca H. Snader. |
| 3.  The Bobcat was equipped with a Lojack homing device. | 3.  Complaint, ¶ 33, pg. 10:7-9, attached as Exhibit "A" to Declaration of Rebecca H. Snader. |
| 4.  Using the Lojack, defendant LASD located the Bobcat as being on the Ranch. | 4.  Complaint, ¶ 33, pg. 10:8-10, attached as Exhibit "A" to Declaration of Rebecca H. Snader; Incident Report reviewed by Deputy Dave Chellis, pgs. 4-5, attached as Exhibit "K" to Declaration of Dave Chellis. |
| 5.  On January 11, 2010, deputies Scott Burke and Dave Chellis from defendant LASD went to the Ranch in response to the "hit" from the Lojack of the Bobcat to locate the potentially stolen vehicle. | 5.  Complaint, ¶ 34, pg. 10:11-15, attached as Exhibit "A" to Declaration of Rebecca H. Snader; Incident Report reviewed by Deputy Dave Chellis, pgs. 4-5, attached as Exhibit "K" to Declaration of Dave Chellis; Declaration of Dave Chellis, ¶ 3. |
| 6.  The Ranch was a grated plot of property with a chained and padlocked wrought iron gate. | 6.  Declaration of Dave Chellis, ¶ 4. |
| 7.  Metal horses were welded to the gate. | 7.  Declaration of Dave Chellis, ¶ 4. |

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

| | |
|---|---|
| 8. The Ranch was located within zip code 91384, and no street signs were nearby. | 8. Declaration of Dave Chellis, ¶ 5. |
| 9. After deputies Scott Burke and Dave Chellis arrived at the Ranch, they observed a reportedly stolen 2007 Bobcat Loader and a 2002 Fleetwood Motor home, as well as a large quantity of other suspicious vehicles, boats, trailers and storage containers. | 9. Complaint, ¶ 35, pg. 10:16-21, attached as Exhibit "A" to Declaration of Rebecca H. Snader; Incident Report reviewed by Deputy Dave Chellis, pgs. 4-5, attached as Exhibit "K" to Declaration of Dave Chellis. |
| 10. Subsequently, Deputy Scott Burke called Sergeant Anderson who informed them that they needed a search warrant. | 10. Incident Report reviewed by Deputy Dave Chellis, pgs. 4-5, attached as Exhibit "K" to Declaration of Dave Chellis; Declaration of Dave Chellis, ¶ 8. |
| 11. The street address of an adjacent piece of property, located near the Ranch, was Fainham Street. | 11. Deposition of Paul Lien, pgs. 11:10-12:25, attached as Exhibit "I" to Declaration of Rebecca H. Snader; Incident Report reviewed by Deputy Dave Chellis, pg. 6, attached as Exhibit "K" to Declaration of Dave Chellis. |
| 12. Deputy Scott Burke informed Sergeant Anderson that the Ranch was north of Fainham Street and described both the Ranch and its gate. | 12. Declaration of Dave Chellis, ¶ 8. |
| 13. Shortly thereafter, Magistrate Judge Graciela Freixes executed Search Warrant No. 10-004. | 13. Complaint, ¶ 37, pg. 11:8-12, attached as Exhibit "A" to Declaration of Rebecca H. Snader; Search Warrant No. 10-004, attached as Exhibit "L" to Declaration of Dave Chellis. |
| 14. The warrant authorized a search of the premises located North of 31250 Fainham Street, Castaic 91384 in the County of Los Angeles and described the Ranch as a "grated plot of property at the location with a wrought iron gate with metal horses welded to the fence, the fence has a chain and padlock." | 14. Complaint, ¶ 38, pg. 11:15-18, attached as Exhibit "A" to Declaration of Rebecca H. Snader; Search Warrant No. 10-004, attached as Exhibit "L" to Declaration of Dave Chellis. |
| 15. The warrant specifically authorized the search of "any and all vehicles, heavy construction equipment, roll off type storage containers, closed containers, tool boxes, outbuildings, garages, the surrounding grounds, and trash receptacles of any kind" for the two reportedly stolen vehicles. | 15. Search Warrant No. 10-004, attached as Exhibit "L" to Declaration of Dave Chellis. |

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

| | |
|---|---|
| 16. The warrant also authorized the seizure of the 2007 Bobcat Loader (#531115414) and the 2002 Fleetwood Motor home (VIN No. 1FCNF535620AO5432). | 16. Search Warrant No. 10-004, attached as Exhibit "L" to Declaration of Dave Chellis. |
| 17. The description in the warrant caused no confusion as to the whereabouts of the Ranch. | 17. Declaration of Dave Chellis, ¶ 9; Declaration of Defendant CHRIS HENNING, ¶ 6. |
| 18. Plaintiffs claim that the search warrant was invalid because it authorized a search of a premises located north of 31250 Fainham Street, when the Ranch was not so located. | 18. Complaint, ¶ 38, pg. 11:18-22, attached as Exhibit "A" to Declaration of Rebecca H. Snader. |
| 19. On January 11, 2010, when the search of the Ranch occurred, defendant JACQUES A. LA BERGE did not step foot on the Ranch. | 19. Declaration of Defendant JACQUES A. LA BERGE, ¶ 4. |
| 20. Defendant DARREN HARRIS was contacted by Sergeant Anderson to come out to the subject Ranch. | 20. Declaration of Defendant DARREN HARRIS, ¶ 4. |
| 21. Defendant DARREN HARRIS was stationed towards the entrance of the Ranch at the west end of the canyon to handle any press inquiries as needed. | 21. Declaration of Defendant DARREN HARRIS, ¶ 4. |
| 22. Neither JACQUES A. LA BERGE nor DARREN HARRIS authorized the search or seizure of any of the individual pieces of personal property at issue in this matter or took possession of any property acquired in this matter. | 20. Declaration of Defendant DARREN HARRIS, ¶¶ 5-6; Declaration of Defendant JACQUES A. LA BERGE, ¶¶ 5-6. |
| 23. Defendant CHRIS HENNING arrived at the Ranch after the search warrant was executed. | 23. Declaration of Defendant CHRIS HENNING, ¶¶ 4-5. |
| 24. During the search, defendant CHRIS HENNING observed four large storage containers on the property. | 24. Declaration of Defendant CHRIS HENNING, ¶ 7. |
| 25. Defendant CHRIS HENNING looked inside the containers, which had been opened prior to his arrival, and observed gold-colored furniture. | 25. Declaration of Defendant CHRIS HENNING, ¶ 8. |
| 26. Defendant CHRIS HENNING took no further action, and left the property in the containers. | 26. Declaration of Defendant CHRIS HENNING, ¶ 9. |

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

| | |
|---|---|
| 27. Defendant CHRIS HENNING refrained from physically touching and/or seizing any of the personal property stored in the containers, and never authorized any other person to do so. | 27. Declaration of Defendant CHRIS HENNING, ¶¶ 10-11. |
| 28. As a result of the search, the deputies impounded roughly 38 vehicles and 16 other pieces of equipment. | 28. Declaration of Defendant CHRIS HENNING, ¶ 12. |
| 29. To assist the deputies in seizing the property, defendant LASD contacted defendants WOLF'S TOWING and MID VALLEY TOWING. | 29. Complaint, ¶ 40, pg. 12:6-9, attached as Exhibit "A" to Declaration of Rebecca H. Snader. |
| 30. Plaintiffs make bare assertions that all defendants have conspired to deprive them of their property and that the defendants worked in concert to seize the property unlawfully and refuse to return it, yet in responses to defendants' discovery, Plaintiffs provide no specific evidence in support of this claim. | 30. Complaint, ¶ 84, pg. 36:9-20, attached as Exhibit "A" to Declaration to Declaration of Rebecca H. Snader; Defendant COUNTY OF LOS ANGELES'S Interrogatories to Plaintiffs, Set One, Interrogatory No. 13, pg. 5:13-15, attached as Exhibit "B" to Declaration of Rebecca H. Snader; Plaintiffs' Responses to Interrogatories from Defendant COUNTY OF LOS ANGELES, Set One, Responses to Interrogatory No. 13, pg. 12:6-19, attached as Exhibit "C" to Declaration of Rebecca H. Snader; Defendant CHRIS HENNING'S Interrogatories to Plaintiffs, Set One, Interrogatory No. 13, pg. 5:3-6, attached as Exhibit "D" to Declaration of Rebecca H. Snader; Plaintiffs' Responses to Interrogatories from Defendant CHRIS HENNING, Set One, Responses to Interrogatory No. 13, pgs. 11:23-12:11, attached as Exhibit "E" to Declaration of Rebecca H. Snader. |
| 31. With the input of detectives and deputy sheriffs already on the scene, as well as his own observations, defendant CHRIS HENNING formed the opinion that there was clear indicia of criminal activity on the Ranch. | 31. Declaration of Defendant CHRIS HENNING, ¶ 13. |

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

| | |
|---|---|
| 32. Plaintiffs admit that defendants were acting under color of law when defendants allegedly (1) seized the property unlawfully, (2) failed to return the property, (3) failed to provide an adequate inventory, and (4) threatened force and criminal charges against anyone who attempted to retrieve the property. | 32. Complaint, ¶¶ 57-59, pgs. 21:9-22:11, attached as Exhibit "A" to Declaration of Rebecca H. Snader. |
| 33. After searching the Ranch and upon further investigation, over 80% of the seized vehicles were either reported stolen or could not be identified as VIN numbers and license plates had been illegally removed. | 33. Declaration of Defendant CHRIS HENNING, ¶ 14. |
| 34. All property taken from the Ranch was properly documented and impounded pursuant to defendant LASD's policies and procedures. | 34. Declaration of Defendant CHRIS HENNING, ¶ 15; Return to Search Warrant, attached as Exhibit "J" to Declaration of Defendant CHRIS HENNING. |
| 35. Receipts for the seized property were not provided as the property owners were not present at the time of execution and the location of the premises did not present a viable option for posting. | 35. Declaration of Defendant CHRIS HENNING, ¶ 16. |
| 36. Sometime after the seizure, plaintiff JAMES PRENTICE approached the Santa Clarita Sheriff's Station requesting the return of items that had not been identified as stolen. | 36. Declaration of Defendant CHRIS HENNING, ¶ 19. |
| 37. Defendant LASD released two bulldozers and a Chevy utility van to plaintiff JAMES PRENTICE at that time. | 37. Declaration of Defendant CHRIS HENNING, ¶ 20. |
| 38. Plaintiff JAMES PRENTICE voluntarily decided not to pursue the return of some of the other impounded vehicles upon discovering there were impound fees associated with their release. | 38. Declaration of Defendant CHRIS HENNING, ¶ 21. |

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

| | |
|---|---|
| 39. On January 21, 2010, plaintiff JAMES PRENTICE filed a Motion for Return of Property under *Penal Code* § 1536 in the Superior Court for the State of California, County of Los Angeles ("Prentice Motion"). | 39. Complaint, ¶ 53, pg. 20:1-4, attached as Exhibit "A" to Declaration of Rebecca H. Snader; Defendant JAMES PRENTICE'S Notice of Motion and Motion for Return of Property, attached as Exhibit "F" to Declaration of Rebecca H. Snader. |
| 40. The Prentice Motion was never adjudicated. | 40. Deposition of Defendant JAMES PRENTICE, pgs. 216:15-218:5, attached as Exhibit "H" to Declaration of Rebecca H. Snader. |
| 41. The Prentice Motion sought the return of seized vehicles (including stolen vehicles), and equipment listed in the Return to Search Warrant. | 41. Defendant JAMES PRENTICE'S Notice of Motion and Motion for Return of Property, attached as Exhibit "F" to Declaration of Rebecca H. Snader. |
| 42. The Prentice Motion did not make any reference to the items of personal property identified in the instant Complaint. | 42. Defendant JAMES PRENTICE'S Notice of Motion and Motion for Return of Property, attached as Exhibit "F" to Declaration of Rebecca H. Snader. |
| 43. In plaintiffs' Complaint, they seek $7 million only if they are not awarded the allegedly seized personal property. | 43. Complaint, ¶ 61, pgs. 22:14-18, ¶ 64, pgs. 23:15-19, ¶ 68, pgs. 27:12-16, ¶ 73, pgs. 32:9-14, ¶ 79, pgs. 34:14-18, ¶ 82, pgs. 35:15-20, ¶ 85, pgs. 36:20-24, attached as Exhibit "A" to Declaration of Rebecca H. Snader. |
| 44. Plaintiffs also seek punitive damages against the deputy defendants. | 44. Complaint, ¶ 61, pgs. 22:18-25, ¶ 64, pgs. 23:19-25, ¶ 68, pgs. 27:20-28:3, ¶ 73, pgs. 32:15-22, ¶ 79, pgs. 34:18-25, ¶ 82, pgs. 35:19-25, ¶ 85, pgs. 36:24-37:5, 37:14-16, attached as Exhibit "A" to Declaration of Rebecca H. Snader. |
| 45. Under the first and second causes of action under 42 U.S.C. § 1983, plaintiffs allege that DEFENDANTS HENNING, HARRIS, and LA BERGE (collectively "deputy defendants") were guilty of oppression, fraud and malice toward them. | 45. Complaint, ¶ 61, pgs. 22:18-21, ¶ 64, pgs. 23:19-22, attached as Exhibit "A" to Declaration of Rebecca H. Snader. |
| 46. Under the remaining state causes of action, plaintiffs allege that the deputy defendants were guilty of oppression, fraud and malice toward plaintiffs. | 46. Complaint, ¶ 68, pgs. 27:20-23, ¶ 73, pgs. 32:15-19, ¶ 79, pgs. 34:18-21, ¶ 82, pgs. 35:19-22, ¶ 85, pgs. 36:24-37:1, attached as Exhibit "A" to Declaration of Rebecca H. Snader. |

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

| | |
|---|---|
| 47. In plaintiffs' responses to discovery they make bare assertions that the deputy defendants' conduct warranted punitive damages but provide absolutely no evidence to support same. | 47. Defendant CHRIS HENNING'S Interrogatories to Plaintiffs, Set One, Interrogatory No. 15, pg. 5:11-14, attached as Exhibit "D" to Declaration of Rebecca H. Snader; Plaintiffs' Responses to Interrogatories from Defendant CHRIS HENNING, Set One, Responses to Interrogatory No. 15, pgs. 13:9-17, attached as Exhibit "E" to Declaration of Rebecca H. Snader. |
| 48. Plaintiffs failed to file a claim in accordance with the Government Tort Claims Act with Defendant COUNTY OF LOS ANGELES prior to bringing the present action. | 48. Letter from Richard Gibson to James Brooks, dated January 3, 2012, pgs. 1-2, attached as Exhibit "G" to Declaration of Rebecca H. Snader. |

## CONCLUSIONS OF LAW

1.      Plaintiffs cannot establish a cause of action under 42 U.S.C. § 1983 for violation of their due process rights under the Fourteenth Amendment to the United States Constitution against defendants.

2.      Plaintiffs cannot establish a cause of action under 42 U.S.C. § 1983 for violation of his rights under the Fourth Amendment to the United States Constitution against defendants.

3.      Plaintiffs cannot establish a cause of action for claim and delivery of specific property against defendants.

4.      Plaintiffs cannot establish a cause of action for conversion against defendants.

5.      Plaintiffs cannot establish a cause of action for a violation of their due process rights under Article I, § 7(a) of the California Constitution against defendants.

6.      Plaintiffs cannot establish a cause of action for a violation of their right to be free from unreasonable search and seizure under Article I, § 13 of the California Constitution against defendants.

///

///

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1    7.    Plaintiffs cannot establish a cause of action for civil conspiracy against

2  defendants.

3

4  DATED: August 30, 2012          HURRELL CANTRALL LLP

5

6

7                                   By:

8                                        THOMAS C. HURRELL
                                         LORRAINE A. MIDDLETON
9                                        Attorneys for Defendants COUNTY OF
                                         LOS ANGELES, LOS ANGELES
10                                       COUNTY SHERIFF'S DEPARTMENT,
                                         CHRIS HENNING, DARREN HARRIS
11                                       and JACQUES A. LA BERGE
                                         (erroneously sued and served as
12                                       ANTHONY LeBERGE)

13

14

15

16

17                      IT IS SO ORDERED

18       DATE                        Oct. 2, 2012

19

20            U.S. DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000